UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                         )
                                               )      Chapter 7
John E. Anderson, Jr.                          )
              Debtor.                          )      No. 11 B 26083

## MEMORANDUM OPINION ON MOTION OF
## CREDITOR VICKIE L. PASLEY TO MODIFY OR ANNUL STAY
## AS TO ASSERTED DOMESTIC SUPPORT OBLIGATIONS

In this bankruptcy case filed by Debtor John E. Anderson, Jr. under Chapter 7, Vickie L. Pasley ("Movant" or "Child Representative") has moved to modify or annul the automatic stay. She was appointed by an Illinois court as Child Representative for the Debtor's three minor children during his marriage dissolution proceeding against his spouse Tonya Anderson. Movant's contention is that fees due her for that service comprise a Domestic Support Obligation under 11 U.S.C. § 523(a)(5), and are therefore not subject to the bankruptcy automatic stay. Debtor disagrees.

The parties briefed the legal issue, and made clear that there are no fact issues involved. Indeed, counsel for both parties through their counsel in open court expressly waived any right to offer evidence.

### UNDISPUTED FACTS

1.  On February 25, 2009, Movant was appointed Child Representative for the Debtor's three minor children during the Debtor's dissolution proceeding (Case No. 07 D 10639). *See* Attached Exhibit A, Order Appointing Child's Representative.

2.  Pursuant to that state court order, the Debtor was to pay legal fees incurred for the representation of Debtor's three minor children during the dissolution proceedings.

3.  On February 25, 2011, the state court entered a judgment against Debtor in favor of the Movant in the amount of $3,120.00 for the fees due the Child Representative.

4. On May 24, 2011, the Movant filed her state court Petition for Rule to Show Cause and for Other Relief against the Debtor for his failure to pay the Child Representative fees pursuant to the February 25, 2011, judgment.

5. On May 24, 2011, the state court entered an order in favor of the Movant against the Debtor and finding him in contempt for failure to pay the Child Representative attorney's fees that he owed "as ordered on February 25, 2011". The state court also ordered Debtor to appear in court on June 7, 2011, for a contempt hearing.

6. On June 22, 2011, the Debtor filed the instant Chapter 7 Bankruptcy.

7. Debtor listed the Movant's legal services on Schedule F of this Chapter 7 petition in an attempt to discharge the debt owed to her.

## CONCLUSIONS OF LAW

### Jurisdiction and Venue

Jurisdiction lies under 28 U.S.C. § 1334 and Internal Operating Procedure Rule 15(a) of the United States Northern District of Illinois. Core authority lies under 28 U.S.C. § 157(b)(2)(G). Venue is properly fixed in this District pursuant to 28 U.S.C. § 1409.

### DISCUSSION

**1. Applicable Statutory Provisions**

For reasons stated below, it is held that the debt owed to Movant constitutes a domestic support obligation exempt from discharge under 11 U.S.C. §523(a)(5) that provides:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> \*\*\*
> (5) for a domestic support obligation;

The definition of "domestic support obligation" is found under 11 U.S.C. § 101(14A)(A):

> (14A) The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
>
> (A) owed to or recoverable by--
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
> (ii) a governmental unit . . . .

Further, under 11 U.S.C. § 362 (b)(2)(B), the automatic bankruptcy stay does not prohibit collection of domestic support obligations from property that is not property of the estate.

## 2. Domestic Support Obligation

The first legal issue here is whether the Child Representative should be viewed as a form of "legal guardian" covered by that definition, and therefore the debt due her comprises a "domestic support obligation" in bankruptcy excepted from discharge and the automatic stay.

Movant initially relied on an opinion by District Judge Gotschall reversing Bankruptcy Judge Wedoff's opinion in *Lewis v. Greco (In re: Greco)*, 397 B.R. 102 (Bankr. N.D. Ill. 2008). The opinion of the bankruptcy judge had held that a child representative in a divorce action in which the debtor was a party was not excepted from discharge of his attorney's fees pursuant to § 523(a)(5). *Greco*, 397 B.R. at 107–111. Judge Wedoff's analysis rested upon his conclusions that the child representative did not satisfy the § 101(14A)(A) definition in that his claim was not covered as a debt "owed to or recoverable" to any of the named payees. The opinion reasoned that § 101(14A)(A) encompasses a reasonable legislative determination that distinguishes between groups of "Payees" -- those for whom the debtor has a direct support obligation such as children, a spouse, or former

spouse and those who have a long term responsibility for the direct support recipients (parent of the child, responsible relative or governmental unit); and other "Payees" whose contribution to the directly supported parties is less extensive:

> Congress could certainly determine that the first group had a special need for payment from the debtor, sufficient to justify limiting the fresh start that the debtor would otherwise have on emergence from bankruptcy, while the need for payment to the creditors in the second group was not so pressing.

*Greco*, 397 B.R. at 108.

Secondly, Judge Wedoff pointed out that the claim of a child representative is not owed to or recoverable by a spouse. The debt owed to Pasley in this case is not argued to be payable to Anderson's former spouse nor recoverable by her or from her..

Third, the opinion concluded that a child representative is not a "legal guardian," another party specified under to § 101(14A)(A) of the Code. Courts are required to interpret statutory language according to its ordinary meaning, *Greco*, 397 B.R. at 109 (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Fulkerson*, 238 F.3d 891, 897 (7th Cir. 2001). The ordinary meaning of "legal guardian," he reasoned, is a person appointed by a court to have custody of and general responsibility for the child. In § 101(14A)(A) the words associated with "legal guardian" are either parents or "responsible relatives." It was concluded that a "child representative" under Illinois law has neither custody nor the general responsibility for children. The Child Representative, like a "guardian ad litem," is an appointment that an Illinois court may make to advance the interest of the children within a particular proceeding. As such, the Child Representative does not have custody or general responsibility for the care of Anderson's children. Therefore, Judge Wedoff held that the obligation due a Child Representative is not an obligation to pay a "legal guardian."

Fourth, a "child representative" is not a "governmental unit," because that person exercises independent professional judgment in carrying out duties of a Child Representative and any payments received for those services belong to her and not to any unit of government.

Finally, Judge Wedoff stated in *Greco* that Illinois law cannot determine dischargeabilty under the Bankruptcy Code because of the Supremacy Clause of the U.S. Constitution in Article 6. *Id* at 111 (citing *Hansel v. Hansel (In re Hansel)*, No. 92 C 1095, 1992 WL 280799, at *3 (N.D. Ill. Oct.2, 1992) (rejecting a state statute's definition of support for purposes of § 523(a)(5)). He reasoned that § 101(14A)(A) limits the domestic support obligations that are non-dischargeable pursuant to § 523(a)(5) of the Bankruptcy Code to obligations owed to or recoverable by specified parties, i.e. those whom the debtor is directly required to support and those who provide ongoing care to them. Child representatives are not among the parties specified by § 101(14A)(A), so amounts payable to them are not non-dischargeable domestic support obligations and state law cannot provide for a different result. *Greco*, 397 B.R. at 111.

Judge Wedoff's ruling in *Greco* was appealed to the District Court where it was reversed. *Levin v. Greco*, 415 B.R. 663 (N.D. Ill. 2009). In the Memorandum opinion of District Judge Gottschall, she relied on rulings *In Re Rio,* 901 F.2d 71, 72 (7th Cir. 1990), *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir. 1981), and *Miller v. Gentry (In re Miller)*, 55 F.3d 1487 (10thCir. 1995). Those opinions relied upon in Judge Gottschall's decision are said by Debtor here to be distinguishable in that the fees in *Rios* and *Spong* were fees due to debtor's spouse and would arguably redound to the benefit of the spouse or the debtor's children as these fees were associated with the attorney's efforts in collecting support payments. Conceivably if the debtors in those cases could discharge those obligations, the fees would be recoverable against the spouse and would harm

those persons directly intended to be benefitted by § 101(14A)(A). Anderson argues here that his obligation to Movant is not an obligation for support of his children or spouse. In *Miller* the underlying Kansas state court judgment order specifically made a finding that the award of fees to a guardian ad litem and a psychologist were in the "nature of support" in that particular matter. *Miller*, 55 F.3d at 1489. Anderson suggests that this was not found by the state court judge in his case.

The decision by Judge Gottschall also followed the ruling in *Jones v. Jones (In re Jones)*, 9 F.3d 878, 881–82 (10thCir. 1993) *(per curiam), cert. denied,* ---U.S. ---, 115 S. Ct. 53, 130, L. Ed.2d 13 (1994). Construing 11 U.S.C. § 523(a)(5), a Panel of the 10th Circuit in that case held attorneys fees and costs that arose from post-divorce custody proceedings were in the nature of child support and therefore not dischargeable in bankruptcy. *Id.* Debtor argues that this 10th Circuit case is not binding precedent here and involved attorney's fees of the spouse of a debtor as opposed to the fees of a child representative.

Movant's response to Debtor's argument is more persuasive. He starts by reference to *Levin v. Greco*, 415 B.R. 663 (N.D. Ill. 2009), wherein the earlier Bankruptcy Judge opinion was reversed. The District Judge held that debtor's obligation for fees of a child representative appointed for debtor's children in a state court divorce action came within the scope of the Bankruptcy Code's definition of "domestic support obligation," and was not dischargeable in bankruptcy.

In adopting a broad interpretation of the domestic relations exception from discharge set forth in 11. U.S.C. § 523(a)(5); District Judge Gottschall noted that six federal circuit courts have interpreted the domestic support exception to preclude discharge of debts owed to third parties when the debt is related to maintenance or support obligations. *See Pauley v. Spong (In re Spong)*, 661

F.2d 6 (2d Cir. 1981); *Falk & Siemer, LLP v. Maddigan (In re Maddigan)*, 312 F.3d 589, 594 (2d Cir. 2002); *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940 (5th Cir. 1993); *Holliday v. Kline (In re Kline)*, 65 F.3d 749 (8th Cir. 1995); *Miller v. Gentry (In re Miller)*, 55 F.3d 1487 (10th Cir. 1995); *Ting v. Chang (In re Chang)*, 163 F.3d 1138 (9th Cir. 1998). *Levin*, 415 B.R. at 666. The opinion reasoned that, although none of those opinions specifically involved a Child Representative under Illinois law, there is no meaningful distinction for purposes of the Bankruptcy Code's domestic support exception between a child representative and a guardian ad litem. *Id.* at 667.

Judge Gotschall found the decision in *Miller v. Gentry (In re Miller)*, 55 F.3d 1487 (10th Cir.1995) particularly instructive. *Levin*, 415 B.R. at 667. The *Miller* opinion held that, "Since determination of child custody is essential to the child's proper 'support,' attorney fees incurred and awarded in child custody litigation should likewise be considered as obligations for 'support.'" *Miller, 55 F.3 Id. at 1490* (citations omitted). "[D]ebts to a guardian ad litem, who is specifically charged with representing the child's best interests, and a psychologist hired to evaluate the family in child custody proceedings, can be said to relate just as directly to the support of the child as attorney's fees incurred by the parents in a custody proceeding." *Id.* The *Miller* opinion concluded: "[T]o hold a debt dischargeable simply because the money was payable to someone other than the spouse [or child], would be to put form over substance, in contravention of established bankruptcy law." *Id.*

The Tenth Circuit's reasoning in *Miller* is sound. Debts owed to a guardian ad litem in a child custody proceedings can be said to relate just as directly to the support of the child as attorney's fees incurred by the parents in a custody proceeding.

No Seventh Circuit opinion has addressed whether a child representative can qualify for the domestic support exception. District Judge Gotschall noted, however, that a Seventh Circuit Panel has held that Bankruptcy Code § 523(a)(5) can except debts owed to third parties. *Greco*, 415 B.R. at 666. (*citing In re Rios*, 901 F.2d 71, 72 (7th Cir.1990) ("... awards of attorneys' fees for services in obtaining support orders have been held nondischargeable even though the attorney is neither a spouse, a former spouse, nor a child of the debtor.") Moreover, she pointed out that the same Panel expressed support for decisions that analogize the debt owed the attorney to a debt owed 'to a spouse, former spouse, or child of the debtor". *Levin*, 415 B.R. at 666. (citing *In re Rios*, 901 F.2d 71, 72 (7th Cir.1990)). The *In re Rios* opinion thereby viewed a domestic support obligation as covering services instrumental in establishing that obligation, including fees owed to an attorney.

Judge Gotschall further reasoned that, under Illinois law, a child representative plays a more active role than a guardian ad litem. *Levin*, 415 B.R. at 664–65. Other courts considering the fees of the less substantially involved guardian ad litem have found that the fees of a guardian ad litem fell within the domestic relations exception. *See In re Dinicola*, No. 10-1404, 2011 WL 3759468 *3 (Bkr. N.D.Oh. Aug. 25, 2011) ("... a majority of jurisdictions that have analyzed this issue post-BAPCPA appear to agree that guardian ad litem fees are 'domestic support obligations' and nondischargeable under the Bankruptcy Code."); *see also In re Dvorak*, 986 F.2d 940, 941 (5th Cir.1993) (holding that legal fees for child's guardian ad litem in custody proceeding were "clearly for [child]'s benefit and support," and as such were nondischargeable under § 523(a)(5)); and *In re Chang*, 163 F.3d 1138, 1141 (9th Cir. 1998) (holding debts owed by Chapter 13 debtor to the father of her child and to child's court appointed guardian ad litem for professional fees and expenses

arising from child custody proceeding, being in the nature of child support, fell within child support discharge exception).

Following reasoning in the foregoing authorities, the fees due to a child representative is held to be within the domestic support exception of § 523(a)(5).

### 3. Relief from the Automatic Stay Should be Granted

Establishing that the debt owed to the child representative is nondischargable under § 523(a)(5) does not end the inquiry as to whether an order should enter to lift or modify the automatic stay. *Carver v. Carver*, 954 F.2d 1573 (11th Cir.1992) is instructive as to when the automatic stay should be lifted to permit pursuit of domestic claims against debtors in state courts. In *Carver*, the Eleventh Circuit Court of Appeals applied the "domestic relations exception" to federal jurisdiction, stating that a bankruptcy judge should have abstained from hearing an action brought by a debtor against his former wife and her counsel for violation of the automatic stay of 11 U.S.C. § 362(a). The opinion concluded that the defendants had violated the automatic stay, *Id.* at 1576, but reversed the bankruptcy court's imposition of sanctions. *Id.* at 1580. In doing so, it acknowledged that "federal courts generally abstain from deciding diversity 'cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification.'" *Id.* at 1578. The opinion reasoned that "[w]hen requested, such relief [from the automatic stay] should be liberally granted in situations involving alimony, maintenance, or support in order to avoid entangling the federal court in family law matters best left to state court." *Id.*

Some bankruptcy judge opinions have distinguished *Carver* and refused to lift the automatic stay to permit a support obligation to be pursued in state court. For example, *In re Fullwood*, 171

B.R. 424 (Bankr. S.D. Ga. 1994), declined to lift stay. However, *Fullwood* was a Chapter 13 bankruptcy case. The Bankruptcy Judge directed the debtor to amend his plan to require full payment of the support obligation. *Id.* at 428. Such instances where the debt is to be paid through a bankruptcy plan are distinguishable from cases such as that presented here, where the debtor has filed for protection under Chapter 7 and no such payments will be made.

Finally, under § 362(b)(2)(B) of the Code the automatic stay does not prevent collection of a domestic support obligation from property that is not property of the estate. That provision states that "[t]he filing of a [bankruptcy] petition . . . does not operate as a stay . . . . of the collection of a domestic support obligation from property that is not property of the estate." The definition of "domestic support obligation" under § 362(b)(2)(B) is the same as under § 523(a)(5), as determined by analyzing § 101(14A)(A). As discussed above, domestic support obligations include debts owed to a Child Representative. Therefore, the Child Representative is free to collect on the obligation due her without restriction of the automatic stay so long as such collection is from property that is not part of the estate available to creditors generally. *Collier on Bankruptcy* ¶ 362.05. In Chapter 7, the estate includes property held by the debtor as of the commencement of the case. 11 U.S.C. § 541(a)(1). This means that property acquired after the filing of a Chapter 7 bankruptcy petition, including post-bankruptcy earnings, is not property of the estate and is subject to collection free of the automatic stay.

## CONCLUSION

The debt owed by Debtor to Movant as court awarded fees as a child representative are a domestic support obligation exempt from discharge under 11 U.S.C. § 523(a)(5). Matters regarding child custody and support are family law matters generally within the jurisdiction of state courts. Bankruptcy Judge generally defer to state court judges on such matters and will permit the automatic stay to be lifted or modified to collect support obligations unless the debt is to be paid through a plan approved by the bankruptcy court.

For the foregoing reasons, the Motion will be granted by separate order - -

A.  Modifying the automatic stay imposed by 11 U.S.C. § 362 to allow collection of the fee due Movant from property or earnings acquired by Debtor after his bankruptcy filing; and

B.  Ordering that the provisions of Rule 4001(a)(3) and are not applicable to the order granting relief form the automatic stay.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 17th day of October, 2011.